IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RASHID ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1610 (MN) |
| | ) | |
| NGWA WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

At Wilmington, this 29th day of May 2024, having considered Defendants' motion to dismiss (D.I. 14);

IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 14) is **DENIED**.

Plaintiff Rashid Roy proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). On June 20, 2023, the Court screened the Complaint, identified what appeared to be cognizable and non-frivolous claims within the meaning of 28 U.S.C. § 1915A(b), and entered a service order. (D.I. 8).

The legal standard used when screening cases for failure to state a claim pursuant to § 1915A(b)(1) is identical to the Rule 12(b)(6) dismissal standard. *See Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (citing *De'lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013), and *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Nothing has changed since the Complaint was screened. In addition, the Court must liberally construe the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In doing so, the Court concludes that the allegations contained in the Complaint are sufficient to withstand the instant motion to dismiss and, therefore, denies the motion as it relates to Defendants' merits arguments.

The Court also denies the motion as to Defendants' failure-to-exhaust arguments, as presented.  The Prison Litigation Reform Act of 1995 (PLRA) prevents prisoners from filing suit with respect to prison conditions under Section 1983 "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under the PLRA, prisoners must exhaust all available administrative remedies at the prison level before bringing suit.  *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007).  To properly exhaust his administrative remedies, an inmate must "complete the administrative review process" in compliance with all applicable procedural rules prior to filing suit in federal court.  *Woodford*, 548 U.S. at 88.  In other words, inmates must avail themselves of "all steps the agency holds out."  *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  The exhaustion requirement applies to all inmates seeking "redress for prison circumstances or occurrences."  *Porter v. Nussle*, 534 U.S. 516, 520 (2002).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint.  *Jones v. Bock*, 549 U.S. 199, 211-17 (2007); *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013).  Failure to exhaust administrative remedies must be pled and proved by the defendant.  *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018).  When a defendant shows that a plaintiff inmate did not exhaust administrative remedies, the plaintiff has the burden of showing that administrative remedies were not available.  *Id.*  Factual disputes about exhaustion are issues for the court to decide, but only after notice and an opportunity for the parties to submit relevant materials.  *Id.* at 265.

Plaintiff, despite not having the initial burden to plead or demonstrate exhaustion, alleges in the Complaint that he exhausted his administrative remedies, and that he filed two grievances

which were both returned as unprocessed   (D.I. 2 at 7-8).   Defendants assert, without accompanying evidence, that he did not exhaust.  It is wholly unclear on this record what, if any, steps are required to exhaust after grievances are returned as unprocessed.  It is also unclear why these grievances were returned as unprocessed.   Finally, Defendants have not conclusively demonstrated that further grievances were not filed.  Defendants have thus failed to plead and prove the affirmative defense of failure to exhaust administrative remedies.  The motion to dismiss on this ground will be denied without prejudice to renew this affirmative defense on summary judgment.


The Honorable Maryellen Noreika
United States District Judge