IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RASHID ROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1610 (MN) |
| | ) |
| NGWA WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Rashid Roy – Pro Se Plaintiff

Dawn C. Doherty, Brett T. Norton, MARKS, O'NEILL, O'BRIEN DOHERTY & KELLY, P.C., Wilmington, DE – Attorneys for Defendants

September 5, 2025
Wilmington, Delaware

**NOREIKA, U.S. District Judge**

On December 20, 2022, Plaintiff Rashid Roy ("Plaintiff"), who is housed at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983. (D.I. 2). He appears pro se and has been granted leave to proceed *in forma pauperis*. (D.I. 6). Defendants Nurse Practitioner Ngwa Williams, Registered Nurse Kamau Ester, Registered Nurse Immanuel, Registered Nurse Joshua K. Rutledge, Registered Nurse Ephram Jeon, and Centurion (collectively, "Defendants") move for summary judgment. Plaintiff opposes. The matter has been fully briefed. (D.I. 34, 35, 40, 43). Additionally, Plaintiff has moved to strike Defendants' summary judgment reply brief and for appointment of counsel. (D.I. 45, 48). The Court will grant Defendants' motion for summary judgment, deny Plaintiff's motion to strike Defendants' reply brief and deny Plaintiff's motion to appoint counsel as moot.

**I.   BACKGROUND**

The complaint asserts violations of Plaintiff's Eighth Amendment rights arising from the medical treatment Plaintiff received at JTVCC in 2021 and 2022 for his hydrocele condition and associated pain. (D.I. 2). Following discovery, both parties submitted statements of facts for this Court's review and consideration. (D.I. 35 at 5-12; D.I. 40 at 21-30). The parties do not dispute that, upon Plaintiff's request, Centurion medical staff at JTVCC provided numerous examinations, recommendations, referrals, and treatment options, including pain medication. (*Id.*). It is also undisputed that Plaintiff disagreed with some of the treatment decisions in his case, particularly when it came to disbursement and choice of pain medication. (*Id.*).

**II.   LEGAL STANDARDS**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Material facts are those "that could affect the outcome" of the proceeding.

1

*Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011).  "[A] dispute about a material fact is genuine if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Id.* (internal quotation marks omitted).

The moving party bears the burden of demonstrating the absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the burden of persuasion at trial would be on the non-moving party, then the moving party may satisfy its burden of production by pointing to an absence of evidence supporting the non-moving party's case, after which the burden of production shifts to the non-movant to demonstrate the existence of a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. West Chester*, 891 F.2d 458, 460–61 (3d Cir. 1989).  A non-moving party asserting that a fact is genuinely disputed must support such an assertion by "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, . . . admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute . . . ."  FED. R. CIV. P. 56(c)(1).  The non-moving party's evidence "must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." *Williams*, 891 F.2d at 460–61.

The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007).  "[T]he facts asserted by the nonmoving party, if supported by affidavits or other evidentiary material, must be regarded as true . . . ."  *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996).  If "there is any evidence in the record from any source from which a reasonable

inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary judgment." *Id.* at 1081 (internal quotation marks omitted).

### III. DISCUSSION

Upon review and consideration, this Court finds that the record could not lead a rational trier of fact to find that any Defendant violated Plaintiff's Eighth Amendment rights in treating and responding to Plaintiff's hydrocele condition and associated pain. The parties agree that Plaintiff was repeatedly seen for his condition by Centurion medical staff at JTVCC and that staff responded to Plaintiff's medical complaints with numerous examinations, recommendations, referrals, and treatment options, including pain medication. (*Compare* D.I. 35 at 5-12, *with* D.I. 40 at 21-30). The record reflects that Plaintiff disagreed with medical staff regarding appropriate medication and treatment for his condition, but without more, this disagreement did not violate Plaintiff's Eighth Amendment rights.

The Court affords considerable deference to a provider's medical judgment in treating an inmate's medical condition. *See Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). Mere disagreement regarding the appropriate course of treatment or medication does not violate the Eighth Amendment. *See Monmouth Cty. Corr. Inst. v. Lanzaro*, 834 F.2d 326, 346 (3d. Cir. 1987); *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). As such, a reasonable factfinder could not conclude a violation of Plaintiff's Eighth Amendment rights from the evidence presented. Without reaching the separately presented bases for partial summary judgment in Defendants' favor — *i.e.*, the insufficiently alleged involvement of certain Defendants and Plaintiff's failure to exhaust administrative remedies for certain claims — this Court finds that summary judgment in Defendants' favor is appropriate for all claims presented.

Additionally, this Court will deny Plaintiff's motion to strike Defendants' summary judgment reply brief. (D.I. 45). In Plaintiff's motion, he asserts that Defendants did not file their

reply until March 25, 2025, more than a month after the Court-imposed reply deadline. (*Id.* at 2). In a subsequent letter, Plaintiff maintains that "[t]here is no evidence Defendants filed the reply brief on February 18, 2025." (D.I. 47). Yet the record reflects that Defendants' reply was docketed on February 18, 2025. (D.I. 43). Counsel for Defendants explained that they mailed Plaintiff a copy of the reply on that day and then sent Plaintiff an additional courtesy copy in late March. (D.I. 46). It appears that Defendants complied with their obligations, and Plaintiff has not presented sufficient cause to warrant striking Defendants' reply.

Finally, the Court will deny Plaintiff's motion to appoint counsel as moot. (D.I. 48). As discussed above, judgment will be entered in Defendants' favor and this case will be closed rendering the request for counsel moot.

### IV. CONCLUSION

Therefore, for the reasons set forth above, the Court will grant Defendants motion for summary judgment (D.I. 34), deny Plaintiff's motion to strike reply brief (D.I. 45) and deny as moot Plaintiff's motion to appoint counsel (D.I. 48).

An appropriate order will follow.